UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| L.D.B., <br><br> Plaintiff, <br><br> vs. <br><br> STANLEY PATRICK WEBER, Pediatrician at Pine Ridge, SD (IHS) Indian Health Service and (IHS) DIRECTOR, the Hospital at Pine Ridge HIS Indian Health Service, <br><br> Defendants. | 5:25-CV-05085-CBK <br><br> ORDER |

  Plaintiff, a detainee at the Pennington County Jail, filed a *pro se* complaint along with a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Plaintiff is unable to pay an initial filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

  The Prison Litigation Reform Act requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915A(b) when a prisoner seeks redress against a government employee. The Court is required to dismiss a case filed without the prepayment of filing fee if it determines that the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am required to liberally construe plaintiff's complaint and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

Plaintiff contends that defendant Weber sexually abused him and sexually exploited him between 2003 and 2016 at defendant's home and at defendant's IHS office in Pine Ridge, South Dakota. Defendant Weber is currently serving life imprisonment at the Federal Correctional Institution in Butner, North Carolina, for sexual abuse crimes committed in the District of South Dakota, 5:17-cr-50033-JLV, such sentence running consecutive to a 220-month sentence for sexual abuse crimes committed in the District of Montana, 4:18-cr-00014-BMM.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). There is no allegation that either defendant is a state actor. Plaintiff's claims cannot proceed under 42 U.S.C. § 1983.

Plaintiff's claims, liberally construed, allege claims under the Federal Tort Claims Act, 28 U.S.C. § 1346 and 28 U.S.C. § 2671 *et seq.* or under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971).

Plaintiff has moved for the appointment of counsel. Appointment of counsel is premature at this time.

Plaintiff has moved for redaction of personal identifiers, requesting that his name be reduced to initials because he was a minor at the time of his alleged victimization by defendant Weber. The United States Court of Appeals for the Eighth Circuit has held:

> Federal courts disfavor the use of fictitious names in legal proceedings. The use of fictitious names runs afoul of the public's First Amendment interest in public proceedings and their common law right of access thereto. Proceedings are only truly public when the public knows the identities of the litigants. In addition, there is nothing in the Federal Rules of Civil Procedure that allows plaintiffs to proceed under pseudonyms. Rather, the Federal Rules explicitly provide otherwise. Rule 10(a) provides that "[t]he title of the complaint must name all the parties." Rule 17(a) requires that "[a]n action ... be prosecuted in the name of the real party in interest.""

Cajune v. Indep. Sch. Dist. 194, 105 F.4th 1070, 1076 (8th Cir. 2024) (internal citations omitted). The Eighth Circuit held in Cajune that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." Cajune v. Indep. Sch. Dist. 194, 105 F.4th at 1077. Anonymity may be justified, *inter alia*, where "identification threaten[s] to reveal information of a sensitive and highly personal nature." Id. In criminal cases involving sexual abuse of children, 18 U.S.C. § 3509(d) protects the identity of alleged child sexual abuse victims. "The protection of § 3509(d) 'applies even when victims are no longer underage.'" United States v. Weber, No. CR. 17-50033-JLV, 2020 WL 5531562, at *2 (D.S.D. Sept. 15, 2020). Survivors of child sexual abuse may suffer harm due to public disclosure of their identities. *See*, Doe v. Heartland Ivy Partners LLC, No. 24-CV-4347 (JWB/DJF), 2025 WL 26643, at *2 (D. Minn. Jan. 3, 2025). Plaintiff's right to privacy outweighs the presumption of openness in judicial proceedings.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. Plaintiff's motion, Doc. 5, for the appointment of counsel is denied.

5. Plaintiff's motion, Doc. 6, for redaction of personal identifiers and to proceed using his initials only is granted. The Clerk shall amend the public docket sheet to identify plaintiff by initials only. All documents already on file shall be sealed and the Clerk shall

prepare and file redacted versions of the sealed documents as of the date of this order. With respect to future filings, the plaintiff is instructed that it is his responsibility to redact his identity, not the Clerk's. Henceforth, plaintiff's envelopes shall be filed separately and restricted to case participants.

6. The Clerk of Courts shall provide plaintiff a separate summons and USM-285 form for each defendant. Plaintiff shall compete and return to the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Courts will issue the summonses.

7. The United States Marshals Service shall serve a copy of the summons and complaint upon the defendants pursuant to SDCL 15-6-4(d). All costs of service shall be advanced by the United States.

8. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

9. If the plaintiff fails to complete and return summons and the USM-285 forms as directed, this matter will be dismissed for failure to prosecute.

DATED this 13th day of January, 2025.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge