UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| L.D.B.,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY PATRICK WEBER, Pediatrician at Pine Ridge, SD (IHS) Indian Health Service and (IHS) DIRECTOR, the Hospital at Pine Ridge HIS Indian Health Service,<br><br>Defendants. | 5:25-CV-05085-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, a prisoner at the South Dakota State Penitentiary, filed a *pro se* complaint alleging that defendant Weber sexually abused him and sexually exploited him between 2003 and 2016 at defendant Weber's home and at defendant Weber's workplace, the IHS office in Pine Ridge, South Dakota. Defendant Weber is currently serving life imprisonment at the Federal Correctional Institution in Butner, North Carolina, for sexual abuse crimes committed in the District of South Dakota, 5:17-cr-50033-JLV, such sentence running consecutive to a 220-month sentence for sexual abuse crimes committed in the District of Montana, 4:18-cr-00014-BMM.

Plaintiff was granted leave to proceed *in forma pauperis*. Upon initial review, this Court determined that plaintiff's claims, liberally construed, allege claims under the Federal Tort Claims Act, 28 U.S.C. § 1346 and 28 U.S.C. § 2671 *et seq*. or under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971). The Court ordered that the complaint be served upon the defendants.

I previously held that plaintiff's complaint failed to allege a claim actionable under 42 U.S.C. § 1983 because plaintiff did not allege claims against a state actor. In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the United States Supreme Court recognized an implied cause of action for

constitutional violations against federal officials. Since that case, the Supreme Court has limited Bivens to claims that federal officials had violated the Fourth Amendment prohibition against unreasonable search and seizure, the Fifth Amendment right to Due Process in a gender discrimination claim, and the Eighth Amendment right to be free from cruel and unusual punishment for failure to provide adequate medical treatment to a prisoner. Ziglar v. Abbasi, 582 U.S. 120, 130 - 31, 137 S. Ct. 1843, 1854 - 55, 198 L. Ed. 2d 290 (2017). Plaintiff's claims do not arise under Bivens. Thus, plaintiff's claims are cognizable only under the Federal Tort Claims Act.

Defendant Weber filed an answer and a general denial of plaintiff's claims. Defendants Indian Health Services ("IHS"), IHS Director, and the IHS Hospital at Pine Ridge, South Dakota, filed a motion to dismiss, contending plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act and that the action is barred by the statute of limitations.

Plaintiff has moved for the appointment of counsel. The appointment of counsel is unnecessary at this time. Plaintiff is proceeding *pro se* and is in the custody of the State of South Dakota. He is not equipped to litigate complicated legal issues. This case is in the preliminary stages of litigation. The legal issues raised by the motion to dismiss are not complicated.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994) (internal citations omitted). The Federal Tort Claims Act, 28 U.S.C. § 1346, is one such waiver.

> By passing the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. Subject to certain exceptions, the United States will be liable for the torts committed by federal employees acting within the scope of their employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Two Eagle v. United States, 57 F.4th 616, 621 (8th Cir. 2023) (internal quotations and citations omitted).

In passing the FTCA, Congress did not authorize suit against a federal agency. 28 U.S.C. § 2679(a). Suits under the FTCA are initiated instead against the United States. 28 U.S.C. § 2674. Plaintiff's claims against the IHS, the IHS Director, and the IHS Hospital must be dismissed. His claim is against the United States.

The waiver of sovereign immunity under the FTCA is predicated upon the plaintiff first exhausting administrative remedies. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993). Pursuant to 28 U.S.C. § 2675(a), no action under the FTCS can be instituted unless the plaintiff first presented the claim to the appropriate Federal agency in writing. "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). Plaintiff did not set forth in the complaint that he had first presented his claim to the Indian Health Service. Failure to do so warrants dismissal of his claims against the United States arising out of the alleged actions of the IHS and its employees for lack of federal jurisdiction.

The United States also moves for dismissal based upon the statute of limitations for presentment of a claim against a federal agency set forth in 28 U.S.C. § 2401(b). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." Wilcox v. United States, 881 F.3d 667, 671–72 (8th Cir. 2018) (*quoting* 28 U.S.C. § 2401(b)).

This is a civil case for damages arising out of sexual abuse of a child. Issues including plaintiff's minority and state law concerning suit for sexual abuse allegations may be relevant. This Court declines to rule on the defendants' alternative claim for dismissal, having already ruled that the claims against the United States for actions involving United States agencies must be dismissed for failure to exhaust.

Notwithstanding dismissal of the federal tort claim against the United States and its agencies, plaintiff's claims against defendant Weber are still pending.

Based upon the foregoing,

IT IS ORDERED

1. The motion, Doc. 26, to dismiss plaintiff's complaint against defendants Indian Health Services, IHS Director, and the IHS Hospital at Pine Ridge, South Dakota, is granted.

2, The motion, Doc. 16, for the appointment of counsel is denied.

DATED this 30th day of September, 2026.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge